**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SUSAN HENRY, | : | CIVIL ACTION NO. 07-4352 (MLC) |
|  | : |  |
| Plaintiff, | : | **MEMORANDUM OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| JUDSON H. HENRY, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

    **IT APPEARING** that pursuant to a provision of the New Jersey Prevention of Domestic Violence Act ("NJPDVA"), N.J.S.A. § 2C:25-28(a) ("Section 2C:25-28(a)"), a domestic-violence complainant may file a civil complaint in the Family Part of the Chancery Division of New Jersey Superior Court ("Family Part"); and

    **SUSAN HENRY** filing such a complaint against her husband, Judson H. Henry, due to an incident that occurred in California ("Complaint") (dkt. entry no. 1, Compl.); and it appearing that Susan Henry and Judson H. Henry have a child ("Child") (id.); and Susan Henry seeking as relief from Judson H. Henry, inter alia, financial support for herself and the Child (id.); and it appearing that the Family Part, when Susan Henry filed the Complaint, issued a temporary restraining order (1) prohibiting Judson H. Henry from (a) committing further acts of domestic violence, (b) contacting Susan Henry, (c) possessing weapons, and (d) visiting the Child, and (2) granting temporary custody of the Child to Susan Henry ("Family Part Order") (dkt. entry no. 1,

Order); and Judson H. Henry, who appears pro se, removing the action under 28 U.S.C. § 1332 ("Section 1332") only, and arguing that (1) he is a California citizen, (2) Susan Henry is now a New Jersey citizen, and (3) the matter in controversy exceeds $75,000 (dkt. entry nos. 1 & 2, Rmv. Not. & Mot. to Trfr., at 6); but

**THE COMPLAINT** not seeking a specific amount in damages; and Judson H. Henry failing to assert a meritorious basis for the jurisdictional amount;[1] and thus it appearing that the Court lacks jurisdiction under Section 1332, see 28 U.S.C. § 1332(a), see also 28 U.S.C. §§ 1446(a), 1447(c) (stating removing party bears burden of demonstrating jurisdiction, and authorizing court to examine jurisdiction and remand action sua sponte); and

**IT FURTHER APPEARING** that this is a domestic relations matter involving child support and custody over which the Court lacks jurisdiction, as Susan Henry (1) seeks financial support from her husband for the Child, and (2) was awarded temporary custody of the Child by the Family Part, see Ankenbrandt v. Richards, 504 U.S. 689, 702-04 (1992), Galtieri v. Kane, No. 03-2994, slip op. at 3 (3d Cir. Mar. 4, 2004) (stating court has no jurisdiction over domestic relations matter even when complaint drafted in tort, contract, "or even under the federal constitution"); and

---

[1]   Judson H. Henry asserts that he "value[s] [his] right to be a father to [his] child at an amount in excess of Seventy Five Thousand Dollars".  (Dkt. entry no. 2, Judson H. Henry Aff., at 1.)  The assertion, as a basis for demonstrating the jurisdictional amount under Section 1332, is without merit.

**IT FURTHER APPEARING** that Judson H. Henry is, in effect, attempting to sidestep the Family Part Order by removing the action; and it appearing that a losing party in state court may seek review through the state appellate process, and then seek certiorari directly to the United States Supreme Court, D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983), Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923); and it appearing that:

> The Rooker-Feldman doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling.  Stated another way, Rooker-Feldman does not allow a [party] to seek relief that, if granted, would prevent a state court from enforcing its orders

McAllister v. Allegheny County Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005) (cites and quotes omitted); and it appearing that the removal of this action is barred, as relief "can only be predicated upon a finding that the [Family Part] has made incorrect factual and legal determinations in entering its order[]", id.; and it appearing that Judson H. Henry, even though he may be dissatisfied by the Family Part Order, is barred by the Rooker-Feldman doctrine from removing the matter from the Family Part to federal court, see State Farm Indem. v. Fornaro, 227 F.Supp.2d 229, 241-42 (D.N.J. 2002) (remanding action to state court, as removing party sought review of state court judgment), see also E.B. v. Verniero, 119 F.3d 1077, 1090 (3d Cir. 1997) (stating Rooker-Feldman doctrine bars federal district court from

3

reviewing decision of lower state court), <u>Port Auth. Police Benv.</u>
<u>Ass'n v. Port Auth. of N.Y. & N.J. Police Dep't</u>, 973 F.2d 169,
177-78 (3d Cir. 1992) (same); and thus it appearing that the
action should be remanded to the Family Part on that ground as
well; and

**THE NJPDVA** authorizing Susan Henry to file the Complaint in
the Family Part, even if the alleged domestic violence occurred
in California, as it allows filing such a complaint "in a court
having jurisdiction over the place . . . where the plaintiff
resides or is sheltered", N.J.S.A. § 2C:25-28(a); and New
Jersey's Code of Criminal Justice containing Section 2C:25-28(a),
and thus a complaint filed under that NJPDVA provision is quasi-
criminal in nature, <u>Stinson v. Stinson</u>, No. A-1946-04T1, 2005 WL
2665483, at *2 (N.J. App. Div. Oct. 20, 2005) (suggesting same);
and it appearing that as the Complaint is quasi-criminal in
nature, the principles of federalism and comity caution against
"federal-court interference" because it would (1) be "an offense
to the State's interest . . . likely to be every bit as great as
it would be were this a criminal proceeding", (2) "unduly
interfere[] with the legitimate activities of the State", and (3)
"readily be interpreted as reflecting negatively upon the state
courts' ability to enforce constitutional principles", <u>Juidice v.</u>
<u>Vail</u>, 430 U.S. 327, 335-36 (1977) (cites and quotes omitted)
(concerning state-court contempt proceedings, which may be

labeled as, <u>inter</u> <u>alia</u>, quasi-criminal in nature); and the Court having no intention of stifling New Jersey's "prerogative, and . . . corresponding responsibility, of enforcing its own laws, criminal and civil, in its own courts", <u>Commomwealth v. Mayfield</u>, No. 06-270, 2006 WL 2092584, at *1 (E.D. Pa. July 25, 2006) (remanding action to state court); and

**THE COURT** intending to remand this action to the Family Part for lack of jurisdiction under Section 1332, and alternatively under (1) the domestic relations exception to federal jurisdiction, (2) the <u>Rooker</u>-<u>Feldman</u> doctrine, and (3) the principles of federalism and comity; and for good cause appearing, the Court will issue an appropriate order and judgment.[2]

        s/ Mary L. Cooper

**MARY L. COOPER**
United States District Judge

**Dated:**   May 27, 2008

---

[2] Judson H. Henry has moved, <u>inter</u> <u>alia</u>, to change the venue of this matter to California. (Dkt. entry no. 2.) The Court will deny the motion without prejudice, and Judson H. Henry may seek any equivalent relief under state law in the Family Part.